REDMANN, Judge.
Plaintiff appeals from the dismissal of her claim for damages to herself and her minor daughter Judy alleged to have resulted from defendant’s 10-year-old daughter Kay’s shoe tap having cut Judy’s ankle.
The evidence that Kay’s tap did the cutting is first that Kay was next to Judy in informal line after lunch jumping up and down, when Judy’s injury occurred; and second that the tap was worn sharp and loose, projecting from the heel of the shoe. Because (according to the girls’ teacher’s testimony) Kay was not aware of the incident or her involvement until she was upstairs in the classroom, there does exist doubt; but the reasonably probable conclusion is that Kay’s tap caused Judy’s injury.
The trial court concluded the accident was unforeseeable and thus unavoidable and, therefore, Kay’s father was not liable.
We disagree. Here the father placed the metal tap on the shoe. He knew or should have known that shoe-taps do wear thin and therefore can become knife-edged and (as nailheads wear off) loose. He also knew or should have known that young children do jostle and bump into one another, and therefore that a worn tap, sharpened and loosened, could inflict injury on a schoolmate.
All that C.C. art. 2315 provides is that the person through whose “fault” his act injures another should repair the injury (rather than the faultless third person). Mr. Thomas’ fault here was a mere oversight in failing to inspect and replace the tap before it might do harm. This was no gross misdeed, but it was negligence which caused injury to Judy and expense to her mother, which Thomas is obliged to repair.
Judy would have to bear the bumps and bruises of ordinary play; the pain of a scraped ankle from an ordinary heel might not have been compensable. But to that pain there was added the pain resulting *738 from a cut requiring seven interior and five exterior sutures (though no major blood vessels were cut). The record suggests the initial pain was minimal (there is even evidence Judy was not aware she was cut), and little or no indication of pain thereafter. She did have to miss school for three weeks because of fear another blow (so probable among schoolchildren) might reopen the wound. For Judy’s general damages attributable to having been cut rather than merely bruised we believe an award of $200 is appropriate.
For her working mother-tutrix, doctor $48.00, blood test $9.00, medicines $20.67 and babysitter $112 are recoverable.
The judgment appealed from is reversed and there is judgment against defendant in favor of plaintiff, individually for $189.67 and as tutrix of Judy for $200, with legal interest from judicial demand and all costs.